UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT FRIEDLAND, :
:
      Petitioner, : Civ. No. 12-7746 (RBK)
:
v. : **OPINION**
:
JORDAN HOLLINGSWORTH, :
:
      Respondent. :
:

**ROBERT B. KUGLER, U.S.D.J.**

### I.    INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner has filed an application to proceed *in forma pauperis* which will be granted.

---

[1] Section 2241 states in relevant part:

  (a)    Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . .
  (c)    The writ of habeas corpus shall not extend to a prisoner unless –
        (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
        (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
        (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
        (4) He being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
        (5) It is necessary to bring him into court to testify or for trial.

Petitioner is currently serving a sentence of thirty months imprisonment after a jury in the United States District Court for the Southern District of New York found him guilty of forgery of a United States District Court judge's signature, possession of false papers to defraud the United States and wire fraud.  In Claim I of his habeas petition, petitioner asserts that he has been denied proper medical care while imprisoned.  Furthermore, in Claims II and III, he claims that forged and false evidence was used at his trial to convict him.  For the following reasons, Claim I will be dismissed without prejudice.  Furthermore, as this Court does not have jurisdiction to consider Claims II and III to the extent that they allege that forged and false evidence was used to convict him, this matter will be transferred to the United States District Court for the Southern District of New York.

## II.     BACKGROUND

Judgment was entered against petitioner on the charges outlined above on March 19, 2012.[2]  Petitioner appealed and the United States Court of Appeals for the Second Circuit affirmed the judgment and conviction.  *See United States v. Friedland*, 526 F. App'x 78 (2d Cir. 2013).

As petitioner's direct appeal was progressing, he filed the instant habeas petition in this Court.  In Claim I, petitioner claims that he been denied proper medical care while incarcerated which has caused him pain and suffering.  In Claims II and III, petitioner attacks the judgment entered against him in the Southern District of New York.  Specifically, petitioner argues in both Claims II and III that forged and false evidence was used to convict him at trial.

---

28 U.S.C. § 2241(a) & (c).

[2] The Court takes judicial notice of the docket in petitioner's criminal proceedings in the Southern District of New York, Crim. No. 10-827.  *See McPherson v. United States*, 392 F. App'x 938, 940 n.1 (3d Cir. 2010) (taking judicial notice of the official record of prior court proceedings).

### III.  STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers.  See *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]"  *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### IV.  DISCUSSION

A.  <u>Claim I – Denial of Proper Medical Care</u>

As stated in *supra* note 1, a prisoner who alleges that "he is in custody in violation of the Constitution or laws or treaties of the United States" can bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  See 28 U.S.C. § 2241(c)(3).  The general rule permits a prisoner to receive habeas relief where he "seek[s]s to invalidate the duration of [his] confinement – either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody."  See *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).  Additionally, a prisoner who is challenging not the validity but the execution of his sentence "must pursue relief in a federal

habeas corpus petition pursuant to 28 U.S.C. § 2241." *United States v. Gorham-Bey*, 523 F. App'x 168 (3d Cir. 2013) (per curiam) (citing *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001)).

In Claim I, petitioner is not challenging his federal conviction, the fact or duration of his confinement or the execution of his sentence. Instead, he is asserting that he has been denied proper medical care while incarcerated. This type of claim is one that should be raised in a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The United States Court of Appeals for the Third Circuit has explained the difference between a habeas action and a civil rights action as follows:

> "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 HARV. L. REV. 1551, 1553 (2001). Section 1983, in contrast, provides for liability on the part of any state actor who "subjects or cause to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. It has been described as a "species of tort liability." *Smith v. Holtz*, 87 F.3d 108, 111 (3d Cir. 1996) (discussing *Heck v. Humphrey*, 512 U.S. 477 (1994)).

*Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).[3] "[I]f a judgment in a prisoner's favor would not affect the fact or duration of the prisoner's incarceration, habeas relief is unavailable and a civil complaint is the appropriate form of remedy." *Simms v. Shartle*, No. 12-5012, 2012 WL 4506390, at *2 (D.N.J. Sept. 28, 2012) (citing *Ganim v. Fed. Bureau of Prisons*, 235 F. App'x 882 (3d Cir. 2007)).

---

[3] *Bivens* is the federal counterpart to 42 U.S.C. § 1983. *See Walker v. Zenk*, 323 F. App'x 144, 145 n.1 (3d Cir. 2009) (per curiam) (citing *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004)).

Any judgment that the Court could issue on Claim I would not affect the fact or duration of petitioner's federal incarceration. A civil complaint, as opposed to a habeas action, is the appropriate form of remedy with respect to Claim I as Claim I would not spell a speedier release for petitioner from incarceration. *Accord Bonadonna v. United States*, 446 F. App'x 407, 408-09 (3d Cir. 2011) (per curiam) (affirming dismissal of habeas petition for lack of jurisdiction as allegation of deficient medical care did not spell a speedier release to petitioner and therefore did not lie at "the core of habeas corpus") (citations omitted). Accordingly, Claim I will be dismissed without prejudice as it is not a proper habeas claim.

B. Claims II & III – False Evidence Used at Trial

In Claims II and III, petitioner argues that forged and false evidence was used at trial that helped to convict him. As such, petitioner attacks his federal conviction in Claims II and III.

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, No. 13-2500, 2013 WL 4419333, at *1 (3d Cir. Aug. 20, 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or

procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful [sentence] claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle*, 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of section 2255. *See id*. The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).

Petitioner does not allege facts which bring him within the *Dorsainvil* exception. Petitioner does not allege in the instant habeas petition that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.

6

Accordingly, this Court lacks jurisdiction to consider Claims II and III as they are not properly raised in a § 2241 petition.

   C. <u>Transfer to Southern District of New York</u>

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631.  It does not appear that petitioner ever filed a § 2255 motion in the Southern District of New York.  Therefore, this Court finds that it is in the interest of justice to transfer the habeas petition to the Southern District of New York as that is where petitioner's federal conviction was entered.

## V.    CONCLUSION

For the foregoing reasons, Claim I of the habeas petition will be dismissed without prejudice.  The remainder of the habeas petition shall be transferred to the United States District Court for the Southern District of New York.  An appropriate order will be entered.


Dated:  November 18, 2013                                                       s/Robert B. Kugler
                                                                                        ROBERT B. KUGLER
                                                                                        United States District Judge